**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:14-CV-00164-GCM**

| | |
|---|---|
| THERESA DIANNE SMITH, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment, filed on May 18, 2015 (Doc. No. 13), as well as Defendant's Motion for Summary Judgment (Doc. No. 17) and Memorandum in Response (Doc. No. 18), both filed on July 6, 2015. Plaintiff, proceeding *pro se* seeks judicial review of a decision by the Commissioner finding her not disabled within the meaning of the Social Security Act. For the reasons set forth below, Plaintiff's Motion for Summary Judgment is **DENIED**, Defendant's Motion for Summary Judgment is **GRANTED**, and the Commissioner's Decision is **AFFIRMED**.

## I. BACKGROUND

Plaintiff filed an application for supplemental security income on June 10, 2010, and alleged a disability onset date of August 15, 1991. (Tr. 8) Her claim was denied initially on June 10, 2010, and upon reconsideration on May 4, 2011. (Tr. 8) Plaintiff filed a written request for a hearing on July 3, 2011. (Tr. 8) Plaintiff appeared at a hearing before Administrative Law Judge ("ALJ") Wendell M. Sims on March 1, 2013. (Tr. 8) Plaintiff testified, as did a vocational expert. (Tr. 8) Plaintiff appeared at the hearing without an attorney or other representative. (Tr. 8) On May 16, 2013, the ALJ issued a decision finding Plaintiff not

disabled within the meaning of the Social Security Act. (Tr. 4) On August 5, 2014, the Appeals Council denied review, and the ALJ's determination became the final decision of the Commissioner. (Tr. 1) Pursuant to 42 U.S.C. § 405(g), Plaintiff has a right to review of the Commissioner's final decision, and she timely filed the present action on October 21, 2014. (Doc. No. 1)

## II. STANDARD OF REVIEW

Judicial review of a final decision of the Commissioner in social security cases is authorized pursuant to 42 U.S.C. § 405(g) and is limited to consideration of (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"; "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

District courts do not review a final decision of the Secretary *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). A reviewing court must uphold the decision of the Commissioner, even in instances where the reviewing court would have come to a different conclusion, so long as the Commissioner's decision is supported by substantial evidence. *Id*. In reviewing for substantial evidence, a court should not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Craig*, 76 F.3d at 589. The ALJ, and not the Court, has the ultimate responsibility for weighing the evidence and resolving any conflicts. *Id*. The issue before this Court, then, is not whether Plaintiff is disabled, but whether the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Id.*

2

## III. ANALYSIS

The Social Security Administration ("SSA") uses a five step sequential evaluation process, pursuant to 20 C.F.R. § 416.920, for determining whether a claimant is entitled to supplemental security income. If a claimant is found to be conclusively disabled, or not disabled, at a particular step, the inquiry ends and the adjudicator does not proceed further in the process. Those five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medically determinable impairment or a combination of impairments that is severe and meets the twelve month durational requirement set forth in 20 C.F.R. § 416.909; (3) whether the claimant's impairment or combination of impairments meets or medically equals one of The Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant has the residual functional capacity ("RFC") to perform the requirements of her past relevant work; and, if unable to perform the requirements of past relevant work, (5) whether the claimant is able to adjust to other work, considering her RFC and vocational factors (age, education, and work experience). If the claimant is able to adjust to other work, considering her RFC and vocational factors, she will be found not disabled. 20 C.F.R. § 416.920(g); *see* 20 C.F.R. § 404.1520(a)(4)(i-v). The claimant bears the burden of production and proof during the first four steps of the inquiry. *Pass*, 65 F.3d at 1203. If she is able to carry this burden through the fourth step, the burden shifts to the Commissioner at the fifth step to show that other work is available in the national economy which the claimant could perform. *Id*.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 10, 2010, the date on which she filed her application. (Tr. 10) At step two, he concluded that Plaintiff has the following severe impairments: history of asthma and high blood pressure, lumbar spondylosis, and right knee meniscal tear and osteoarthritis. (Tr. 10) He found

at step three that she did not have symptoms consistent with any of the Listing in 20 C.F.R. § 404, Subpart P, App'x 1. (Tr. 10) At step four, the ALJ noted that Plaintiff had no past relevant work because she has not worked in the past 15 years, but found that she had the residual functional capacity to perform light work (lifting and carrying 20 pounds occasionally and 10 pounds frequently), except that she can only occasionally balance, climb, and stoop. (Tr. 10) Additionally, the ALJ added the restriction that Plaintiff should avoid concentrated exposure to fumes. (Tr. 10)

At step five, the ALJ considered Plaintiff's age, education, work experience, and residual functional capacity. (Tr. 14-15) He stated that she was 51 years old, and thus classified as an individual closely approaching advanced age. (Tr. 14) He also noted that she had at least a high school education and was able to communicate in English. (Tr. 15) In light of these characteristics and Plaintiff's RFC, the ALJ found that she could perform the requirements of representative occupations such as inspector/packer, office helper, and bench hand. (Tr. 15) Accordingly, the ALJ determined that a finding of "not disabled" was appropriate. (Tr. 15)

Because Plaintiff is proceeding *pro se*, her motion for summary judgment must be construed liberally. *Jehovah v. Clarke*, 798 F.3d 169, 176 (4th Cir. 2015). Applying this standard, the Court concludes that Plaintiff seeks to present two assignments of error. First, she argues that the ALJ's determination that she is not disabled is not supported by substantial evidence; second, she suggests that the ALJ erroneously failed to credit her allegations of her symptoms of pain.

The ALJ is solely responsible for determining the Residual Functional Capacity of a claimant. 20 C.F.R. § 404.1546(c). In arriving at an RFC, the ALJ must consider the functional limitations and restrictions resulting from the claimant's medically determinable impairments.

4

S.S.R. 96-8p. The ALJ must provide a basis for his ruling in order to allow the district court to engage in substantial evidence review. *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). For this reason, the record "should include a discussion of which evidence the ALJ found credible and why." *Id.* Additionally, if the ALJ fails to evaluate a claimant's credibility *before* analyzing the RFC, this amounts to harmful error and requires remand. *Mascio v. Colvin*, 780 F.3d 632, 639-40 (4th Cir. 2015).

In deciding whether a claimant's allegations of pain and its corresponding limitations will factor into a Plaintiff's RFC, the ALJ follows a two-step process. *See* C.F.R. §§ 404.1529, 416.929; *Craig*, 76 F.3d at 593-96. First, the ALJ must determine that there is objective medical evidence showing the existence of a medical impairment which would reasonably be expected to produce the pain or alleged symptoms. 20 C.F.R. §§ 416.929(b), 404.1529(b). If the ALJ finds such evidence, he must evaluate the intensity and persistence of the claimant's pain in order to determine whether or not the alleged symptomatic limitations will factor into the RFC. *See* 20 C.F.R. §§ 416.929(c)(1), 404.1529(c)(1); *Craig*, 76 F.3d at 595 ("It is only *after* a claimant has met [the] threshold obligation of showing by objective medical evidence a medical impairment reasonably likely to cause the pain claimed, that the intensity and persistence of the claimant's pain, and the extent to which it affects [his] work, must be evaluated." (emphasis in original)).

Here, the ALJ reviewed the medical evidence in the record. He noted that Plaintiff's medical records indicated that she saw a chiropractor once in March 2005 for back pain, and that she testified that she had visited the hospital for knee pain in 2008. (Tr. 11-12) After the hearing, she submitted further records showing that she had received an MRI of her lumbar spine in August 2006 and an MRI of her right knee in March 2005. (Tr. 11-12; Tr. 225-29) The MRI photos demonstrated that Plaintiff has early lumbar spondylosis and osteoarthritis, as well as

5

other complications, in her right knee. (Tr. 12) Plaintiff had also been prescribed an inhaler and medication to treat asthma in 2005, and she testified that she had been hospitalized as a result of her asthma in 2008. (Tr. 11-12; Tr. 152-53) After contacting two hospitals that Plaintiff claimed to have visited, the ALJ found that she had engaged in no regular medical treatment. (Tr. 12) Rather, she had sought medical assistance two or three times over the past eight years. (Tr. 12) Her prescription history also established that she had not been taking her prescribed medications. (Tr. 12) The ALJ also noted that there was no indication in the record, or from Plaintiff's testimony, that she had attempted to avail herself of resources available to low income individuals who are unable to afford medical care. (Tr. 12) Thus, the ALJ found that Plaintiff's "limited use of pain medication, failure to even fill prescriptions prescribed for only mild to moderate pain, discontinuance of physical therapy sessions, failure to sustain any consistent medical regimen for treatment, lack of hospitalizations or emergency room visits, or other significant treatment for pain" supported a finding that her limitations were not disabling and that her allegations of their severity were not credible. (Tr. 12)

The ALJ next considered the report of Dr. Bruce Goodson, who met with Plaintiff for a consultative exam in September 2010. (Tr. 13; 218-20) Dr. Goodson noted that Plaintiff behaved in a peculiar manner during the exam: she stood and walked very deliberately, squatted only about 10%, and stated that she could not stand on her toes or heels or lie down on her back. (Tr. 13) A spinal exam showed some mild limitations on Plaintiff's range of motion, and an exam of her right knee no gross deformity. (Tr. 13) Nevertheless, Dr. Goodson reported that Plaintiff complained of pain and tenderness even at minimal palpation. (Tr. 13) Dr. Goodson also noted that Plaintiff's general range of motion—for example when she stood, sat in a straight back chair in the exam room, and walked out of the exam room—appeared to be different than

6

she represented during her exam. (Tr. 13)  The ALJ found that Dr. Goodson's exam, taken in conjunction with the lack of medical evidence in the record, further suggested that Plaintiff's allegations were not credible and that, while she had some physical limitations, they were relatively minor. (Tr. 13)

Finally, the ALJ considered the findings of the state medical consultant. (Tr. 14; 74-81) The state medical consultant, Dr. Gardner, concluded that Plaintiff could lift and carry 50 pounds occasionally and 25 pounds frequently, she could sit, stand, and walk for six hours during an eight hour workday, and she could frequently kneel and crawl. (Tr. 14)  Dr. Gardner further found that Plaintiff could only occasionally climb ramps, stairs, ladders, and scaffolds, balance, stoop, and crouch. (Tr. 14)  The ALJ concluded that these findings were entitled to substantial weight, to the extent that they indicated Plaintiff was capable of sustained work activity. (Tr. 14) However, the ALJ found that a further restriction to light work was warranted in light of the MRI photographs that Plaintiff submitted after her hearing. (Tr. 14)  In sum, substantial evidence in the record, which the ALJ thoroughly reviewed, supports the determination that Plaintiff is not disabled within the meaning of the Social Security Act.

The ALJ also evaluated Plaintiff's credibility correctly, following the two-step process prescribed by 20 C.F.R. §416.929(c).  Moreover, he assessed her credibility *before* determining her RFC, as required by *Mascio*.  First, the ALJ acknowledged that Plaintiff said she could not lift anything heavy, and could sit for only seven to ten minutes, stand for only ten minutes, and walk less than ten yards at a time. (Tr. 11; 34-37)  He also explained that Plaintiff testified that she had difficulty stopping, balancing, and bending, as well as some difficulties urinating, and that her "legs give out on [her]." (Tr. 11; 32-33, 46, 48)  The ALJ also credited Plaintiff's descriptions of her activities of daily living—she lives alone, does some cleaning, mopping, and

7

dusting, and she is able to take care of her own personal hygiene. (Tr. 11; 37) She wears a back brace and a cane, and she is able to spend time at church, the library, and the park. (Tr. 11; 40, 47) Ultimately, however, the ALJ found that Plaintiff's allegations were inconsistent with the lack of medical evidence in her record. (Tr. 11-12) Plaintiff sought medical attention only a handful of times and failed to follow any treatment plan or fill her prescriptions. (Tr. 12) Additionally, Dr. Goodson's exam results suggested that Plaintiff was exaggerating her limitations, and the state consultant found that she could perform a wide range of work. In light of these circumstances, the ALJ found Plaintiff's testimony was credible "to the extent that she can no longer perform the heavy lifting and other strenuous activities" that characterized many occupations, including her past positions, but that that her symptoms were not as severe as she claimed and thus did not preclude her from engaging in light work. (Tr. 14) Thus, the ALJ properly evaluated Plaintiff's credibility. Furthermore, his decision to afford limited weight to her allegations of pain was supported by ample record evidence.

## CONCLUSION

For the foregoing reasons, it appears to the Court that the Commissioner's determination finding Plaintiff not disabled within the meaning of the Social Security Act is supported by substantial evidence. **IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED**, the Commissioner's Motion for Summary Judgment is **GRANTED**, and the Commissioner's decision is **AFFIRMED**. The Clerk of Court is directed to dismiss this appeal.

**SO ORDERED.**

Signed: February 17, 2016

Graham C. Mullen
United States District Judge